MAY 2 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                               DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL RICKS,<br><br>                    Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 11-cv-0806 BEN (BGS)<br><br>ORDER (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL, AND (3) DISMISSING CASE WITHOUT PREJUDICE<br><br>[Docket Nos. 2, 3] |

On April 18, 2011, Plaintiff Raphael Ricks ("Plaintiff") initiated this action. Plaintiff's complaint consists of a one-sentence, handwritten statement alleging "Social Security Denials for Disability." Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP") and for appointment of counsel. (Docket Nos. 2 and 3.) For the reasons set forth below, the Court **DENIES** Plaintiff's motions and **DISMISSES** the action without prejudice.

## I. Motion to Proceed In Forma Pauperis

Under Section 1915 of title 28 of the United States Code,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Here, Plaintiff states he is not currently employed and he does not have a checking account or automobile. (Mot., 2.) Plaintiff, however, does not include information regarding his debts, any dependents, or any assets such as trusts, government bonds, etc. As such, the Court finds that Plaintiff's motion is incomplete. Accordingly, the Court **DENIES** Plaintiff's motion to proceed in forma pauperis.

## II. Dismissal of Action Without Prejudice

Even if Plaintiff were entitled to proceed under IFP status, the Court finds that his complaint fails to state a claim for relief and, therefore, must be dismissed.

The Court is required to conduct a sua sponte screening of all complaints filed by persons proceeding IFP. See 28 U.S.C. § 1915(e)(2). Under such screening, the Court must dismiss any IFP complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. See 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

An action is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court has a duty to liberally construe a pro se's pleadings. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se's complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Pro se litigants are not "excused from knowing the most basic pleading requirements." *American Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001).

Here, Plaintiff's complaint is legally insufficient because it does not identify the basis of relief,

the relief Plaintiff seeks, or the basis of this Court's jurisdiction. Plaintiff's complaint consists of a one-sentence statement alleging "Social Security Denials for Disability." No additional information is provided. In particular, Plaintiff's complaint is void of any information regarding when the denial occurred, where it occurred, or for which time period(s) it occurred. The Complaint also does not identify who issued the opinion or the substance of that opinion. Without this information, it is impossible to even glean the basis, let alone the substance, of Plaintiff's claim.

Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice.

### III. Appointment of Counsel

Because Plaintiff's complaint is dismissed, Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.

### CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** without prejudice. After conducting a sua sponte screening, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice. Because Plaintiff's complaint is dismissed, Plaintiff's Request for Appointment of Counsel is **DENIED** without prejudice as moot.

**IT IS SO ORDERED.**

Dated: 5/02/2011

Hon. Roger T. Benitez
United States District Judge